IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR167 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

     Following the return of a jury verdict finding Defendant guilty on Counts I and II of the superseding indictment, Defendant has filed (1) a motion for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, (2) a motion for arrest of judgment, pursuant to Fed. R. Crim. P. 34, and (3) a motion for new trial, pursuant to Fed. R. Crim. P. 33(b)(2). In support of each of these motions, Defendant asserts the same grounds for relief. Essentially, he complains that there was insufficient evidence to support the verdict, that the jury did not deliberate as instructed, that the court failed to give requested instructions, that the court erred by allowing leading questions and hearsay testimony, and that Defendant was prejudiced when his objections were overruled in the presence of the jury. Because I find that none of these contentions has any merit, the foregoing motions will be denied.

     Defendant has also filed (4) a motion to release seized funds, pursuant to Fed. R. Crim. P. 32.2, and (5) a motion to dismiss as to Count III, pursuant to Fed. R. Crim. P. 48. In support of these motions, Defendant argues that the superseding indictment's forfeiture count (Count III), which will determined by the undersigned on the record made to the jury (see filing 149), was instead required to be submitted to the jury for determination. This contention also lacks merit.

A criminal forfeiture is an element of sentencing and not an element of a criminal offense. Libretti v. United States, 516 U.S. 29, 40-41 (1995). Thus, a defendant does not enjoy a constitutional right to a jury determination regarding forfeitability. Id., at 49. The conclusion that the sixth amendment does not apply to criminal forfeitures is not altered by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its successors, including United States v. Booker, 125 S.Ct. 738 (2005). United States v. Tedder, --- F.3d ----, 2005 WL 767061 (7th Cir. Apr. 6, 2005).

Federal Rule of Criminal Procedure 32.2(b)(4) permits a jury determination on the limited issue of "whether the government has established the requisite nexus between the property and the offense committed by the defendant," but only "[u]pon a party's request in a case in which a jury returns a verdict of guilty." Fed. R. Crim. P. 32.2(b)(4). No such request was made in this case by either party, and I conclude that Defendant waived any right to a jury determination on Count III by remaining silent when the jury was excused. See United States v. Davis, 177 F. Supp. 2d 470, 481-83 (E.D.Va. 2001), aff'd, 63 Fed. Appx., 762003 WL 1871050 (4th Cir.), cert. denied, 540 U.S. 895 (2003).

Defendant's other arguments, including claims of double jeopardy, due process violations, and Speedy Trial Act protections, require no discussion. Suffice it to say that the forfeiture procedure that is being followed in this case is entirely proper.

Accordingly,

IT IS ORDERED:

1. Filing 146, Defendant's motion for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, is denied.

2. Filing 147, Defendant's motion for arrest of judgment, pursuant to Fed. R. Crim. P. 34, is denied.

3. Filing 148, Defendant's motion for new trial, pursuant to Fed. R. Crim. P. 33(b)(2), is denied.

4. Filing 150, Defendant's motion to release seized funds, pursuant to Fed. R. Crim. P. 32.2, is denied.

5. Filing 151, Defendant's motion to dismiss as to Count III, pursuant to Fed. R. Crim. P. 48, is denied.

DATED: May 2, 2005.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Richard G. Kopf
　　　　　　　　　　　　　　　　　　United States District Judge