IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA | ) | Case No.  8:04CR167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

There are a number of matters pending before me.  This will resolve them.

First, the defendant has now filed a motion seeking reconsideration of my decision not to release him and an affidavit explaining the background of his conviction for possession of drug paraphernalia.  This conviction took place while the defendant was on pretrial release in this case and was first discovered when, after the defendant was convicted, I requested an evaluation by the pretrial services office regarding whether the defendant could be released under conditions.

In his affidavit, the defendant seems to admit that there was marijuana and a baggie found at his home, although he denies that it was his.  This evidence is especially pertinent to whether I can release the defendant to go back to his home under electronic monitoring (or other restrictions) after having been convicted of the merits of the instant gambling felony in which he was known to carry a gun.  Despite the defendant's explanation, I do not think it wise to release the defendant knowing that he was convicted of a crime while on pretrial release and that drugs were found at his home.

Second, the defendant's counsel sent me a fax in which he asks that I move up the date of sentencing.  While the fax is not a motion, I am not inclined to move up the sentencing date at least until the presentence report is completed and I know whether there any objections to it.

Third, the parties have not briefed the merits of the forfeiture question.  Oddly, the government has even filed a motion for preliminary forfeiture despite the fact that the government has not yet provided me with the brief I earlier ordered.  (See filing 149.) Perhaps the lawyers are confused given the flurry of motions and related orders. However, I do want a brief from the parties on the merits of the forfeiture question.

Therefore,

IT IS ORDERED that:

1.      The request to release the defendant (filings 158, 163) or to move up the sentencing date is denied.

2.      The motion for preliminary forfeiture (filing 162) and the defendant's objection thereto (filing 164) are denied.

3.      On or before the close of business on May 20, 2005, the parties shall submit joint and simultaneous briefs addressing the merits of the government's claim that the property set forth in the indictment should be forfeited.  In particular, the parties shall brief whether the government established at trial the requisite nexus between the property and the offense committed by the defendant.  If the government fails to submit a timely brief, the forfeiture claim shall be denied on the assumption that the  government has abandoned the claim.

May 9, 2005.                                        BY THE COURT:

                                                    *s/Richard G. Kopf*
                                                    United States District Judge

-2-