IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:04CR167 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| JAMES ANDERSON, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 26th day of May, 2005, this matter comes on before the Court upon its Memorandum and Order dated May 23, 2005 (Filing No.175). The Court, being duly advised in the premises, finds as follows:

1. In a Superceding Indictment filed herein, the Defendant, James Anderson, was charged with two counts of conspiracy to conduct an illegal gambling business, in violation of 18 U.S.C., § §371, 1995 and 2. Count III of the Superceding Indictment charged the Defendant with using $5,100.00 in United States Currency to facilitate the commission of the conspiracy, and charged said currency was derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy. After a jury trial, the Defendant was found guilty of the charges alleged in Counts I and II of the Superceding Indictment.

2. In its Memorandum and Order (Filing No. 175), this Court found the $5,100.00 mentioned in Count III should be forfeited, pursuant to 18 U.S.C. §1955(d), 28 U.S.C. §2461(c) and Fed. R. Crim. P. 32.2(b)(1). By virtue of the jury's guilty verdict and the Court's ruling, the

Defendant forfeits his interest in the $5,100.00, and the United States should be entitled to possession of said property, pursuant to 21 U.S.C., § 853.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. Based upon Count III of the Superceding Indictment, the guilty verdict and this Court's Memorandum and Order, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the $5,100.00 in United States currency

B. The Defendant's interest in said currency is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

C. The aforementioned forfeited property is to be held by the Marshal in his secure custody and control.

D. Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject property is situated, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

E. Said published notice shall state the Petition referred to in Paragraph D., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

F.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

G.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 26th day of May, 2005.

BY THE COURT:

s/ RICHARD G. KOPF, JUDGE
United States District Court