IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR167 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JAMES ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case, and the defendant's unresolved objections, motion for departure (filing 176) and supplemental motion for departure (filing 182).

IT IS ORDERED that:

1. The objections to the presentence report stated in the addendum are denied for the reasons articulated by the probation officer in the addendum.

2. The undersigned gives notice that he may depart upward from the custodial range suggested by the advisory Guidelines to impose a prison sentence greater than that suggested by the advisory Guidelines. The Court is tentatively persuaded that upward departure may be warranted because of the defendant's frequent use of a weapon during the commission of the offenses of conviction (e.g., PSR ¶ 22-24); the defendant's role of providing "muscle or security" for the illegal enterprise (e.g., PSR ¶ 15); and the defendant's propensity to carry weapons as shown by his criminal history[1] (e.g., PSR ¶¶ 49 & 52). In particular, the undersigned believes

---

[1] I note that there is typographical error in the presentence report at PSR ¶ 59. The defendant's proper criminal history category is III not II. The criminal history category is correctly stated at PSR ¶ 96.

1

that an upward departure may be warranted under the provisions of U.S.S.G. § 5K2.6 regarding the use or possession of weapons during the commission of the offense. By analogy to U.S.S.G. § 2D1.1(b)(1) (regarding possession of a firearm during an offense involving a drug crime), the undersigned tentatively believes that the defendant's advisory Guideline base offense level should be increased by 2 points. Everything else remaining the same, the defendant's total offense level would then become 14 rather than 12. Given a criminal history category of III, defendant's custodial Guideline range would be 21-27 months in prison. Given the repeated use or possession of weapons by the defendant during the offense of conviction, the undersigned is tentatively persuaded that a sentence of 27 months in prison should be imposed. In addition to considering the PSR, the undersigned herewith takes judicial notice of the evidence presented at trial, a trial over which the undersigned presided.

3. The court will take up the defendant's motion for departure (filing 176) and supplemental motion for departure (filing 182) at sentencing.

4. The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

5. The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

6.  If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

7.  Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

8.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

June 29, 2005.                         BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge